UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LEONEL ANDRES BAEZ ESPINAL, | ) | CASE NO. 4:07 CV3370 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| IMMIGRATION NATURALIZATION | ) | |
| SERVICE, | ) | |
| | ) | |
| Respondent. | ) | |

Pro se petitioner Leonel Andres Baez Espinal filed the above-captioned petition

against the Immigration and Naturalization Service (INS) on October 30, 2007.[1] Mr. Espinal, who

is incarcerated at the Northeast Ohio Correctional Center (N.E.O.C.C.) in Youngstown, Ohio,

maintains that he has a right under the Due Process Clause of the Fifth Amendment to the United

States Constitution to an immediate immigration hearing. For the reasons set forth below, the

petition is denied.

---

[1]    As of March 1, 2003, the I.N.S. ceased to exist.  Its functions were transferred to the
Department of Homeland Security (D.H.S.).The former I.N.S. is now the Bureau of Immigration and
Customs Enforcement ("BICE"). For simplicity, however, the court will continue to refer to the
BICE as the I.N.S. throughout this opinion

*Background*

Petitioner sets forth that he is an alien to whom the protections of the Due Process Clause extend in accordance with "Wong Wing v. United States, 163 U.S. 228[1896]."  Thus,  he maintains that the INS is required to expeditiously determine his inadmissibility or deportability" as an alien.  Mr. Espinal requests that this matter be "resolved before the expiration of the Alien prisoner term and not at the end of the Alien Criminal Sentence." (Pet. at 2.)

*Jurisdiction*

Federal courts are always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231(1990) and a federal court may not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Although Mr. Espinal has not asserted a basis for this court's jurisdiction, any claim seeking to challenge the execution or manner in which a sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977).

It appears Mr. Espinal is still serving his term of imprisonment at N.E.O.C.C.  The Sixth Circuit has joined several other courts of appeals in holding that a prisoner's proper custodian, for purposes of habeas review, is the warden of the facility where he is being held.  See Roman v. Ashcroft, 340 F.3d 314, 319 (6th Cir. 2004)(as a general rule, a petitioner should name as a respondent to his habeas corpus petition the individual having day-to-day control over the facility in which petitioner is being detained); see e.g., Vasquez v. Reno, 233 F.3d 688, 693 (1st Cir. 2000)

(alien seeking writ of habeas corpus contesting legality of his detention by Immigration and Naturalization Service (I.N.S.) was required to name as respondent individual having day-to-day control over facility in which he was being detained, not Attorney General, absent extraordinary circumstances).  Even if petitioner properly named the warden at N.E.O.C.C. as respondent in this action,  the warden is still without authority to grant petitioner's requested relief.

### *Right to Expeditious Deportation*

If Mr. Espinal were in the custody of the I.N.S. he would still be precluded from seeking an order from this court to compel an immediate deportation hearing.  While the Fifth Amendment entitles aliens to due process in deportation proceedings, Reno v. Flores, 507 U.S. 292, 306 (1993), even the Supreme Court in Wong Wing acknowledged that detention during such proceedings is a constitutionally valid aspect of the process, e.g., Wong Wing, 163 U.S. at  235. As a matter of law, it is provided by statute that:

> (1) In the case of an alien who is convicted of an offense which makes the alien deportable, the Attorney General shall begin any removal proceeding as expeditiously as possible after the date of the conviction.
>
> (2) Nothing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person.

8 U.S.C. § 1229(d)(2007). Mr. Espinal acknowledges that as a convicted felon who is not a citizen of the United States he is subject to deportation.  What petitioner  fails to appreciate is the fact that he has no Constitutional or statutory right to an expedited order of deportation.   Section § 241(a)(4)(D) of the Immigration and Naturalization Act, provides that "[n]o cause or claim may be asserted under this paragraph against any official of the United States or of any State to compel the

release, removal, or consideration for release or removal of any alien." 8 U.S.C. § 1231(a)(4)(D).

Thus, courts have uniformly held that no alien has an individual right to compel the Attorney

General or the INS to deport him. See, e.g., Prieto v. Gluch, 913 F.2d 1159 (6th Cir.1990); Thye v.

United States, 109 F.3d 127 (2d Cir.1997) (per curiam ); Hernandez-Avalos v. Immigration &

Naturalization Serv., 50 F.3d 842 (10th Cir.1995); Campos v. Immigration & Naturalization Serv.,

62 F.3d 311 (9th Cir.1995); Giddings v. Chandler, 979 F.2d 1104 (5th Cir.1992); Aguirre v. Meese,

930 F.2d 1292 (7th Cir.1991); see also Urbina-Mauricio v. Immigration & Naturalization Serv., 989

F.2d 1085, 1088 (9th Cir.1993).

## *No Mandamus or APA Relief*

A prisoner is similarly not entitled to an expedited hearing through a mandamus

action.  Campos, 62 F.3d at 314("provision prohibiting construction of amendment to create any

substantive or procedural right or benefit that is legally enforceable by any party against the United

States or its agencies or officers or any other person, denied alien standing to seek mandamus relief

to obtain expedited deportation hearing before targeted date of release from incarceration.").

Similarly, where a prisoner has sought an immediate hearing regarding his deportability through the

Administrative Procedures Act (APA), the courts have held that the INA precludes a prisoner from

seeking such relief. See Silveyra v. Moschorack, 989 F.2d 1012, 1015 (9th Cir.1993)("no claim

under the [APA] because 'immigration proceedings ... are not governed by the APA.'") (citing

Ardestani v. INS, 502 U.S. 129, 133 (1991)).

## *Conclusion*

Based on the foregoing, this Court lacks the authority to issue an order expediting

a hearing on Mr. Espinal's potential deportation. The court certifies, pursuant to 28 U.S.C. §

1915(a)(3), that an appeal from this decision could not be taken in good faith.

      IT IS SO ORDERED.

s/Peter C. Economus 1/15/08

PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE
